```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       BECKLEY
```

**WILLIAM E. THOMPSON,**

    **Plaintiff,**

v.   Case No. 5:07-cv-00597

**GENERAL AMBULANCE, as a
whole owner, DAVID GOFF,
individually and in his official capacity,
and JOHN DOE, the EMT who attended me and
who tried to start IV injuring me,
individually and in his official capacity,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On September 25, 2007, the Clerk's Office received and filed an Application to Proceed Without Prepayment of Fees (docket sheet document # 1), an Authorization to Release Institutional Account Information and to Pay Filing Fee (# 2), and a Complaint (# 3) from Plaintiff. This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff is presently incarcerated at the Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia. Plaintiff's Complaint alleges as follows:

> John Doe was the E.M.T. that tried to start an IV, in the underside of my left arm on five (5) occasions. I ask him to stop and he refused, which was Negligent on his

>part, and he possiblly [sic; possibly] hit a nerve with this needle, causing me servere [sic; severe] pain and suffering.  His Boss David Goff is responsible for his actions and liable for any conduct and mistakes he makes while working under his supervision.
>
>[B]oth defendants are liable and should be held at fault.
>
>If the defendant Jo[h]n Doe the E.M.T. would have stopped when I asked him instead of going on with me screaming out in pain.  Then I would not be suffering in all of this pain, with limitied [sic; limited] use of my left arm, and hand.

(# 3 at 4-5).

Plaintiff's Complaint appears to state a claim of negligence against an EMT and the owner of General Ambulance Service, arising out of the EMT's conduct in trying to place an IV in Plaintiff's arm.  Plaintiff's allegations arise out of state law, not federal constitutional law, and the defendants are not state actors against whom a claim may be brought under 42 U.S.C. § 1983.  Therefore, there is no basis for federal jurisdiction under 28 U.S.C. § 1331, which confers federal jurisdiction over federal questions.

It further appears that Plaintiff's Complaint does not meet the requirements for jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332, as it appears that both Plaintiff and the defendants are citizens of the State of West Virginia.  Thus, the court proposes that the District Court **FIND** that it lacks subject matter jurisdiction to consider the claims against the defendants.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (# 3) for lack of subject matter jurisdiction, and **DENY AS MOOT** Plaintiff's Application to Proceed Without Prepayment of Fees (# 1).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E, Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Johnston and this Magistrate


Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" to mail a copy of the same to Plaintiff.

    October 22, 2007                      /s/ Mary E. Stanley
        Date                                 Mary E. Stanley
                                               United States Magistrate Judge