**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

WILLIAM E. THOMPSON,

                Plaintiff,

v.                                      CIVIL ACTION NO.  5:07-cv-00597

GENERAL AMBULANCE, et al.,

                Defendants.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees or Costs [Docket 1] and Complaint [Docket 3]. By Standing Order entered August 1, 2006, and filed in this case on September 25, 2007, this action was referred to Magistrate Judge Mary E. Stanley for submission of a Proposed Finding of Fact and Recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted her PF&R [Docket 5] on October 22, 2007, recommending that this Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction and deny as moot Plaintiff's motion to proceed without prepayment of costs and fees.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, pursuant to 28 U.S.C. § 636(b)(1)(B), and Rule 6(e) and 72(b) of the Federal Rules of Civil Procedure, objections to the PF&R were due by November 3, 2006. Plaintiff filed his objections in the form of a letter [Docket 6] dated November 2, 2007.

Plaintiff's letter contains no real "objections," however, the Court will nevertheless give his letter due consideration. In addition to reiterating the allegations contained in his complaint and citing some legal authority purportedly in support of those allegations, the letter points out that "allegations of a complaint shouls [sic] be construed favorably to [the] pleader." (Docket 6 at 2.) It also states that a claim that might otherwise be dismissed for lack of subject matter jurisdiction may proceed "if facts alleged in [the] complaint and relief requested demonstrate [the] existence of [a] substantial federal question." (*Id.* at 3.)

In this case, Plaintiff has failed to allege any facts that might give the Court subject matter jurisdiction. As the magistrate judge correctly pointed out, Plaintiff's claim does not implicate a federal question, rather, his claim is one of negligence, which arises under state law. (Docket 5 at 2.) Federal courts have jurisdiction over claims arising under state law only where there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In his complaint, however, Plaintiff alleges only that he resides at the Mount Olive Correctional Complex in Mt. Olive, West Virginia, and that Defendants own and operate General Ambulance in Oak Hill, West Virginia. Thus, Plaintiff has not alleged facts, even when construed liberally in his favor, to establish complete diversity of citizenship between the parties and his Objection [Docket 6] is **OVERRULED**.

Based on the foregoing analysis, Plaintiff's Objection [Docket 6] is **OVERRULED**, and the Court **ADOPTS** the magistrate judge's recommendation [Docket 5]. Plaintiff's Complaint [Docket 3] is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction and Plaintiff's Application to Proceed Without Prepayment of Costs and Fees [Docket 1] is accordingly **DENIED AS MOOT**. The Clerk is further **DIRECTED** to remove this case from the Court's active docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       November 28, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE